JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

William Arroyo

**DEFENDANTS**

Aspen Construction Services, Inc. and Krzysztof Kaczmarczyk

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Frank P. Spada, Jr., Esquire
Semanoff Ormsby Greenberg & Torchia, LLC
2617 Huntingdon Pike, Huntingdon Valley, PA 19006 (215) 887-0200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### LABOR
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA 29 U.S.C. Section 201 et seq.

Brief description of cause:
Claims for wages and overtime not paid

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ In excess of 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   Slomsky
DOCKET NUMBER   2:18-cv-02471-JHS

DATE   11/11/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 155 E. Godfrey Avenue, Philadelphia, PA 19120 _____

Address of Defendant: _____ 2136 Haworth Street, Philadelphia, PA 19124 _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: __2:18-cv-02471-JHS__   Judge: __Slomsky__   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/11/19__   _____Must sign here_____   48331

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* _____ Fair Labor Standards Act _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Frank P. Spada, Jr., Esquire__ , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __11/11/19__   _____Sign here if applicable_____   48331

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| WILLIAM ARROYO, on behalf of Himself and all others similarly situated         v. | : : : : | CIVIL ACTION |
| ASPEN CONSTRUCTION SERVICES, INC. and KRZYSZTOF KACZMARCZYK | | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


| | | |
|---|---|---|
| 11/11/19 | _Frank R. Spada, Jr. Esq._ | Plaintiff |
| **Date** | **Attorney-at-law** Frank R. Spada, Jr. Esq. | **Attorney for** Plaintiff |
| (215) 887-0200 | | fspada@sogtlaw.com |
| **Telephone** | (215) 884-3500 **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

WILLIAM ARROYO, on behalf of        :          CIVIL ACTION
Himself and all others similarly    :
situated              v.            :
                                    :
ASPEN CONSTRUCTION SERVICES, INC. and          NO.
KRZYSZTOF KACZMARCZYK

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( )


_11/11/19_____          _____          _____
**Date**                          **Attorney-at-law**                   **Attorney for** Plaintiff
                                  Frank R. Spada, Jr. Esq.

_(215) 887-0200_____             _____          _fspada@sogtlaw.com_____
                                  (215) 884-3500
**Telephone**                     **FAX Number**                        **E-Mail Address**


(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM ARROYO, on behalf of<br>Himself and all others similarly situated,<br>　　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ASPEN CONSTRUCTION SERVICES, INC.<br>2136 Haworth Street<br>Philadelphia, PA  19124<br><br>　　　　　and<br><br>KRZYSZTOF KACZMARCZYK<br>c/o Aspen Construction Services, Inc.<br>2136 Haworth Street<br>Philadelphia, PA  19124<br>　　　　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. |

**COMPLAINT – COLLECTIVE ACTION**

Plaintiff, William Arroyo ("**Plaintiff**" or "**Arroyo**"), by and through his counsel, bring this collective action lawsuit against Defendant Aspen Construction Services, Inc. ("**Aspen**") and Krzysztof Kaczmarczyk ("**Kaczmarczyk**") (collectively "**Defendants**" unless specifically designated otherwise), seeking all available relief under the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq.*,

**JURISDICTION AND VENUE**

1.　　　Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.　　　Venue in this Court is proper under 28 U.S.C. § 1391.

{01706703;v2 }

## PARTIES

3.      Plaintiff Arroyo is an adult individual whose residence is 155 E. Godfrey Avenue, Philadelphia, PA 19120. Pursuant to 29 U.S.C. § 216(b), Plaintiff Arroyo has consented in writing to become a Plaintiff in this action. See Exhibit A.

4.      Defendant Aspen is a construction company that performs work in this jurisdiction and is headquartered at 2136 Haworth Street, Philadelphia, PA 19124. It also maintains a mail drop box at 4201 Neshaminy Boulevard, Suite 108, Bensalem, PA 19020.

5.      Defendant Kaczmarczyk is the President and owner of Aspen who works out of the Haworth Street headquarters and is responsible for daily operational control of Aspen because he, *inter alia*, has the sole power to hire and fire employees, the power to determine wages for those employees, the power to schedule the employees work day and the hours they work, the responsibility to maintain employment records and other duties that signify significant operational control over the corporation's day-to day functions.

## FACTS

6.      Aspen is a construction company that provides masonry work on various projects, both commercial and residential. It provides brick, block, stucco, siding and roofing services for its clients.

7.      Defendants employ various masons/laborers in order to provide construction services on its projects.

8.      Plaintiff was an employee of Defendants, worked in the mason/laborer position and was paid on an hourly basis.

9.      All time records and information pertaining to hours worked and compensation of the Plaintiff are maintained at Aspen's corporate headquarters.

10.     All timekeeping and compensation policies and practices relevant to this lawsuit have been developed at and implemented by Kaczmarczyk from Aspen's headquarters.

11.     All paychecks, paystubs, IRS W-2 forms, and any other payroll documents are generated from and bear the address of Aspen's headquarters or its mail drop box address.

12.     Defendants routinely made knowingly improper payments to employees for wages in the form of cash for work performed, without making the applicable deductions required by law, in order to avoid those deductions and to avoid paying overtime wages for hours worked in excess of 40 hours in any workweek.

13.     Aspen performed services during Plaintiff's employment in a variety of locations in Pennsylvania and New Jersey, including Philadelphia.

14.     Plaintiff was employed full time by Defendants and often worked in excess of 40 hours per week without compensation.

15.     Defendants have failed to compensate Plaintiff for overtime wages due from March 2016 through October 2018.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. §216(b) on behalf of themselves and all others employed by Defendants in the United States in the mason/laborer position during any time from November 11, 2016 through the present.

17.     Plaintiffs' FLSA claim should proceed as a collective action because Plaintiffs and putative collective members are "similarly situated" as that term is defined in 29 U.S.C. §216(b) and the associated decisions of law.

## COUNT I - FLSA

18.     All of the previous paragraphs are incorporated as though fully set forth at length herein.

19.     Plaintiff and putative collective members are employees covered by the FLSA's protections and Defendants are employers required to follow FLSA mandates.

20.     The FLSA requires Defendants to pay Plaintiff and the putative collective members overtime premium compensation calculated at 150% of their regular pay rate for all hours worked in excess of 40 per week.

21.     Defendants violated the FLSA by failing to pay Plaintiff and the putative collective members any compensation for all hours worked in excess of 40 per week.

22.     In violating the FLSA, Defendants acted knowingly, willfully and with reckless disregard of clearly applicable FLSA provisions.

## JURY DEMAND

23.     Plaintiff requests a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A. An order permitting this lawsuit to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Unpaid regular wages and overtime wages;

C. Liquidated damages and/or pre-judgment interest;

D.  Attorney's fees and costs; and

E.  Any other relief that the Court deems just and proper.


SEMANOFF ORMSBY
  GREENBERG & TORCHIA, LLC


BY:  _____

FRANK P. SPADA, JR., ESQUIRE
STEPHEN C. GOLDBLUM, ESQUIRE
JOSEPH W. FLUEHR, ESQUIRE
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200
fspada@sogtlaw.com
sgoldblum@sogtlaw.com
jfluehr@sogtlaw.com

*ATTORNEYS FOR PLAINTIFF*


DATED:____11/11/19_____

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM ARROYO, on behalf of | : | |
| Himself and all others similarly situated, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | COLLECTIVE ACTION COMPLAINT |
| ASPEN CONSTRUCTION SERVICES, INC. | : | |
| 2136 Haworth Street | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| and | : | |
| | : | |
| KRZYSZTOF KACZMARCZYK | : | |
| c/o Aspen Construction Services, Inc. | : | |
| 2136 Haworth Street | : | |
| Philadelphia, PA  19124 | : | |
| Defendants. | : | |

## OPT-IN CONSENT FORM

1.      I have worked as a mason/laborer for Aspen Construction Services, Inc. and its owner Krzysztof Kaczmarczyk. I worked there from about February 2016 until about October 2018.

2.      I understand that this lawsuit includes claims for unpaid wages under the Fair Labor Standards Act (including for unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief). I consent to become an opt-in plaintiff in this lawsuit and to be bound by any judgment, settlement or resolution of those claims.

3.      I designate Frank P. Spada, Jr., Esquire and Stephen C. Goldblum, Esquire of Semanoff Ormsby Greenberg & Torchia, LLC, 2617 Huntingdon Pike, Huntingdon Valley, PA 19006 to represent me for all purposes in this lawsuit.

Signature: _William Arroyo_                     Date: _11/6/2019_

Name Printed: _William Arroyo_          DOB: _7/29/1977_

Address: _155 E. Godfrey Avenue, I-405_          Phone: _267-864-1101_

_Philadelphia, PA 19120_          Email: _arroyowilliam583@gmail.com_

{01723506;v1 }