IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM ARROYO,

                Plaintiff,

    v.

ASPEN CONSTRUCTION SERVICES,
INC., et al.,

                Defendants.

CIVIL ACTION
NO. 19-5317

## OPINION

**Slomsky, J.**                                                   **July 31, 2020**

### I.    INTRODUCTION

On November 12, 2019, William Arroyo ("Plaintiff") filed a complaint on behalf of himself and those whom he believes are similarly situated to himself for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiff is a mason/laborer who was employed by Defendant Aspen Construction Services ("Aspen") and Defendant Krzysztof Kaczmarczyk, President of Aspen.

Before the Court is Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice. (Doc. No. 10.) In his Motion, Plaintiff requests that the Court conditionally certify as a class employees who he contends were entitled to overtime pay and approve a form of a notice to employees about the potential claim. (Id.) For reasons that follow, the Court will grant Plaintiff's Motion for Conditional Certification. The Court also will grant Plaintiff's request for a Court-Authorized Notice but with modifications as outlined below.

1

## II.      FACTUAL BACKGROUND

On November 12, 2019, Plaintiff filed this action against Defendants on behalf of himself and others seeking to obtain unpaid overtime wages.  (Doc. No. 1 ¶ 16-20.)  Defendant Aspen Construction Company does masonry work as one of their construction services and employs Defendant Krzysztof Kaczmarczyk as President.  (Id. ¶ 5-7.)  Plaintiff is a mason/laborer and was employed full time by Defendants and paid on an hourly basis.  (Id. ¶ 8, 14.)  Plaintiff alleges that he and other similarly situated mason/laborers are owed unpaid wages for their overtime hours based on Defendants' improper payment during the period leading up to the lawsuit.  (Doc. No. 10 ¶ 4-7.)

In his Complaint, Plaintiff alleges that Defendants failed to compensate him for overtime wages from March 2016 to October 2018.  (Doc. No. 1 ¶ 15.)  Plaintiff avers that during this time, Defendants knowingly made improper cash payments without including overtime pay or making required deductions.  (Id. ¶¶ 12-13.)  In his Declaration attached to his Motion, Plaintiff states that he and other masons/laborers regularly worked over forty hours in a seven-day period, and Defendants' payment system either failed to properly compensate the overtime pay or was done by cash payments to avoid the payment of taxes and overtime.  (Doc. No. 10-4 at 2, Pl.'s Decl. ¶¶ 6, 8.)  Plaintiff claims that his Declaration, along with his verified Complaint and the attached cash pay stubs he and other mason/laborers received from Defendants, are sufficient to show that he and the others are similarly situated to qualify for conditional class certification.  (Doc. No. 1 ¶ 17.)

Plaintiff also requests that the Court authorize notice of this lawsuit to be sent to employees who did not received overtime pay of their right to join in this lawsuit as putative plaintiffs.  (Doc. No. 10 ¶ 14.)  He asks that employees who worked for Defendants for three years prior to this action to be notifed.  (Id.)  Regarding the method of notice, Plaintiff asks that the Notice be mailed

first class and posted at worksites.  (Id. at 13.)  He asks the Court to approve the content of the Notice as drafted by him.  (Id. at 11.)  Further, he requests authorization of a "follow-up notice" via email to putative plaintiffs, that the mailed and posted Notice be in English and Spanish, and seeks a provision that alerts putative plaintiffs of their right to be free from coercion should they decide to enter into the action.  (Id. at 12, 13.)  He also asks the Court to require Defendants to produce contact information and employment data on the putative plaintiffs so they can be notified. (Id. at 14.)  Finally, Plaintiff seeks to prohibit communications for any reason relating to this litigation between Defendant and any individual disclosed as a member of the putative class until such individual consents to opt in.  (Id. at 16.)

Defendants deny that Plaintiff was not paid for any overtime hours and that any other employees were subject to unlawful pay policies.  (Doc. No. 14 at 5, ¶ 5.)  Defendants claim that employees either self-reported their hours to Defendants or confirmed the hours they worked, and the payments to all employees were consistent with hours reported.  (Doc. No. 14 at 131, Def.'s Aff. ¶¶ 2-3.)  Defendants also claim that Plaintiff is not similarly situated to members of the purported class.  (Doc. No. 14 at 4, ¶ 4.)  In support of this claim, Defendant Kaczmarczyk has submitted an Affidavit in which he states that Plaintiff made a request to be paid in cash for "personal reasons."  (Doc. No. 14 at 131, Def.'s Aff. ¶ 5.)  Furthermore, Defendants contend that Plaintiff's allegations in the Complaint and in his Declaration are merely conclusory and are insufficient to support a conditional certification of the class.  (Doc. No. 14 at 13.)

Defendants also request that, should conditional certification be approved, the proposed Notice be amended.  (Id. at 16.)  Specifically, Defendants claim that notice by mail, without any follow-up email, is sufficient, and that information identifying putative plaintiffs should be reasonably tailored to include only the information necessary within a two-year statute of

limitations.  (Id. at 16, 17.)   Finally, Defendants argue that there are no grounds to prohibit Defendants from having contact with putative class members.  (Id. at 18.)

### III.    STANDARD OF REVIEW

The Fair Labor Standards Act ("FLSA") requires employers to pay employees at one and one-half times the employees' hourly wage for hours worked in excess of forty hours per week.  29 U.S.C. §§ 206-07.  The statute permits a private right of action to be brought for covered employees if their employer violates the FLSA.  Knepper v. Rite Aid Corp., 675 F.3d 249, 253 (3d Cir. 2012).  Specifically, Section 216(b) of the FLSA allows plaintiffs to bring a collective action against an employer on behalf of themselves and similarly situated employees for FLSA violations, including unpaid overtime.  29 U.S.C. § 216(b).  In a collective action, the plaintiffs must affirmatively opt-in to the lawsuit through written consent.  Bellaspica v. PJPA, LLC, 3 F. Supp. 3d 257, 259 (E.D. Pa. 2014) (citing Barrios v. Suburban Disposal Inc., Civ. No. 2:12-cv-03663 (WJM), 2013 WL 6498086, at *2 (D.N.J. Dec. 11, 2013)).  ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  District courts have discretion to authorize notice to putative opt-in plaintiffs "by conditionally certifying the matter as a collective action."  Id.  (citing Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)).

To show that conditional certification is appropriate, plaintiffs must make a "modest factual showing" that both they and the putative opt-in plaintiffs are similarly situated.  Galt v. Eagleville Hosp., Civ.A. No. 15-6851, 238 F. Supp. 3d 733, 735 (E.D. Pa. Mar. 2, 2017) (citations omitted). There is a two-step process to determine whether opt-in plaintiffs are similarly situated under Section 216(b) of the FLSA.  Viscomi v. Diner, Civ.A. No. 13-4720, 2016 WL 1255713, at *3 (E.D. Pa. Mar. 31, 2016) (citations omitted).

4

First, a court conducts a "preliminary inquiry into whether the plaintiff and the proposed group are similarly situated." <u>Id.</u> (citing <u>Parker v. NutriSystem, Inc.</u>, Civ.A. No. 08-1508, 2008 WL 4399023, at *1 (E.D. Pa. Sept. 26, 2008)).   Plaintiffs have the burden to "produce some evidence, beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees." <u>Galt</u>, 238 F. Supp. 3 at 735.   A modest factual showing may not be "founded solely on allegations in the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." <u>Viscomi</u>, 2016 WL 1255713, at *3 (quoting <u>Drummond v. Herr Foods, Inc.</u>, Civ.A. No. 13-vc-5991, 2015 WL 894329, at *2 (E.D. Pa. Mar. 2, 2015)).   In determining whether plaintiffs are similarly situated, the Court does not evaluate the merits of the case. <u>Titchenell v. Apria Healthcare, Inc.</u>, Civ.A. No. 11-563, 2012 WL 3731341, at *3 (E.D. Pa. Aug. 29, 2012) (citations omitted).

Second, after discovery is complete, the Court scrutinizes each employee's claim through a factual analysis "to ensure that each proposed plaintiff is an appropriate member of the collective action." <u>Viscomi</u>, 2016 WL 1255713, at *3 (citing <u>Lugo v. Farmer's Pride, Inc.</u>, Civ.A. No. 07-cv-00749, 2008 WL 638237, at *3 (E.D. Pa. Mar. 7, 2008)).

## IV.   ANALYSIS

### A.  Class Certification.

Plaintiff has met his burden to show that he and the potential putative plaintiffs are similarly situated to warrant conditional certification.  As noted above, Plaintiff need only make a "modest factual showing" to satisfy this burden.  Plaintiff's allegations in the Complaint and the documents submitted in support of these allegations show, beyond pure speculation, the factual nexus between Defendants' policy regarding overtime pay and the manner in which it affected the putative plaintiffs.

5

A plaintiff who alleges similar job descriptions with similar work responsibilities subject to a defendant's uniform policy meets the burden for "similarly situated" pursuant to conditional class certification.  See Mott v. Driveline Retail Merch., Inc., 23 F. Supp. 3d 483, 485-90 (E.D. Pa. 2014).  In Mott, the plaintiffs brought suit seeking conditional certification for putative plaintiffs working as "merchandisers" for the defendant.  Id. at 486.  The defendant responded conditional certification was not warranted as the claims of those working as merchandisers were "too individualized to be litigated collectively."  Id.  at 490.  The court granted conditional certification of the proposed class because the plaintiff sufficiently showed that all employees working within this job description had similar duties and were similarly impacted by the uniform pay policy utilized by the defendant.  Id. at 489.  While the defense was "relevant to the determination of a stage two decertification issue after discovery has closed, "it did not compel denial of conditional certification."  Id. at 490.  (quoting Pereira v. Foot Locker, Inc., 261 F.R.D. 60, at 66 (E.D. Pa. 2009)).

In this case, Plaintiff's Complaint is filed on behalf of himself and the other mason/laborers working for Defendant.  (Doc. No. 10 at 1.)  Plaintiff alleges in his Declaration attached to his Motion that it was Aspen's policy to pay in cash to avoid paying their mason/laborers overtime and required taxes.  (Doc. No. 10-4 at 2, Pl.'s Decl. ¶ 8.)  He claims that he and those similarly situated as mason/laborers frequently worked over forty hours a week and were subject to the same uniform payment policy by Defendants.  (Id. ¶ 6.)  Attached to the Complaint are receipts reflecting cash payments from Aspen to Plaintiff, as well as to five other mason/laborers.  (Doc. No. 10-4 at 4-9.)  He asserts that along with submitting a Declaration and the receipts, he has met the requisite burden to establish a similarly situated putative class of plaintiffs by showing

> (1) they perform the same primary job duties; (2) share the same
> FLSA overtime classification and hourly pay structure; (3) were

> subject to the same illegal pay practice by Defendants; and (4) all
> are paid by the hour and commonly worked over 40 hours in any
> designated work week.

(Doc. No. 10 at 10.)

Defendants deny that Plaintiff has sufficiently alleged a similarly situated class and have produced a selection of paystubs for Plaintiff and other mason/laborers showing proper deductions. (See Doc. No. 14 at 21-128.)  They have also produced timesheets showing recorded hours worked. (See id. at 134-36.)  Defendant Kaczmarczyk has also submitted an Affidavit stating that Plaintiff requested partial payments in cash that were not made under a uniform company policy to avoid deductions or overtime payments.  (Doc. No. 14 at 131, Def.'s Aff. ¶ 5.)

Plaintiff has met his burden for conditional certification at this stage of the proceeding. The Complaint, his Declaration included with the Complaint, as well as the cash receipts show that he and five other mason/laborers were paid in cash by Defendants.  They demonstrate the factual nexus between Defendants' policies and the proposed collective class.  The Declaration states how the job duties of putative class members are sufficiently similar to Plaintiff's in that they are all mason/laborers who regularly work over forty hours a week.  To look beyond this information would be reaching the merits of the allegations in the Complaint, which is not required at this stage of the proceeding.

### B.  Notice Based on Three-Year Statute of Limitations.

Plaintiff requests the three-year statute of limitations apply here because Defendants willfully violated the FLSA.  As such, Plaintiff seeks that the Notice be sent to putative plaintiffs who worked in the mason/laborer position from November 11, 2016 to the date the Complaint was filed, November 12, 2019.  Defendants rebut the allegations of "willfulness" and respond that the two-year statute of limitations is adequate.  For reasons below, Plaintiff's allegations are sufficient to warrant notice based on a three-year statute of limitations, although the Court will not determine

7

whether Defendant's actions were "willful" at this time.  Further, the date of commencement of the action for a putative plaintiff will be the date the Consent form to opt-in as a plaintiff is filed with the Court.

29 U.S.C. § 255(a) sets the statute of limitations in actions for unpaid overtime compensation and provides as follows:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healy Act, or the Bacon-Davis Act--
>
> (a)  If the cause of action accrues on or after May 14, 1947 --may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

29 U.S.C. § 255(a).

Violations of the FLSA characterized as "ordinary" are subject to a two-year statute of limitations while those characterized as "willful" are subject to a three-year statute of limitations.  See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132 (1988).  To adequately plead a violation is willful, a plaintiff must allege the entity in violation "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  Id. (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 (1985)).  The "willfulness" standard is scrutinized under the same "lenient standard" used in the first stage of FLSA conditional certification of the class leaving a more in-depth factual analysis for the later stage of certification.  See Titchenell v. Apria Healthcare Inc., CIV.A. No. 11-563, 2011 WL 5428559, at *8 (E.D. Pa. Nov. 8, 2011).

However, it is premature for the Court to decide whether Defendants' alleged violations of the FLSA were willful before the parties have engaged in full discovery.  See Jordan v. Meridian

Bank, Civ.A No. 17-5251, 2019 WL 1255067, at *4 (E.D. Pa. Mar. 19, 2019). Deciding whether the allegations were willful goes to the merits of the case, which need not be decided at this time. See id. ("It would, however, be premature to decide whether defendants acted willfully before the parties have engaged in full discovery.") (citing Chung v. Wyndham Vacation Resorts, Inc., Civ.A. No. 14-490, 2014 WL 4437638, at *4 (M.D. Pa. Sept. 9, 2014) ("'Whether defendant['s] violations of the FLSA were willful is an issue going to the merits of the case and not whether notice should be issued to potential claimants. Facts regarding willfulness must be explored during discovery, and the [defendant] may challenge the three-year statute of limitations at a later date.'") (alterations original) (quoting Gallagher v. Lackawanna Cty., Civ.A. No. 07-912, 2008 WL 9375549, at *9 (M.D. Pa. May 30, 2008)); Mavrinac v. Emergency Med. Ass'n of Pittsburgh (EMAP), Civ.A. No. 04-1880, 2007 WL 2908007, at *9 (W.D. Pa. Oct. 2, 2007) ("Whether there has been a willful violation of the Fair Labor Standards Act … is a question of fact to be determined by the fact finder by examining the evidence at trial.") (citing Cunningham v. Freedom Ford Sales, Inc., Civ.A. No. 06-205, 2007 WL 2404739, at *7 (W.D. Pa. Aug. 17, 2007))).

Thus, the Court will not determine whether Defendants' violations were willful at this stage of the case. Plaintiff's allegations that Defendants violated the FLSA willfully are sufficient to warrant notice based on a three-year statute of limitation. See Doc. No. 1 ¶ 12. ("Defendants routinely made knowingly improper payments to employees for wages in the form of cash for work performed, without making the applicable deductions required by law, in order to avoid those deductions and to avoid paying overtime wages for hours worked in excess of 40 hours in any workweek.") However, the Court will not rule on the size and scope of the class until discovery is complete and final certification of the class occurs. See Viscomi, 2016 WL 1255713, at *8.

Finally, the three-year statute of limitations look back period commences on the date the Consent form is filed with the court, while Plaintiff's look back period commenced when he filed the Complaint.[1]  "For an opt-in plaintiff . . . the action commences only upon filing of a written consent."  Jordan, 2019 WL 1255067, at *4.  Here, the statute of limitations for Plaintiff began when the Complaint was filed on November 12, 2019.  (See Doc. No. 1.)  The statute of limitations for the potential putative plaintiffs will commence when they file their written consent.

### C. Plaintiff's Request to Limit Communication Between Defendants and Putative Class Members.

Plaintiff requests that Defendants' contact with putative plaintiff class in matters regarding this litigation be limited by the Court.  Limitations on communication require narrow tailoring of the limitation to avoid impinging on the rights of the parties.  Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981).  Here, Plaintiff does not provide an adequate reason or any evidence to require restrictions on such communications.

District Courts have discretion to set boundaries in communication between a member of a putative plaintiff class and a defendant to avoid abuse of the putative class, but this discretion is not without limitation.  Id. at 100 (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974)). Before ordering a limitation on communications, the Court must weigh the need to restrict speech

---

[1]  29 U.S.C. § 256 provides that an action "shall be considered commenced" in the case of a collective or class action instituted under the FLSA

> (a) On the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear-- on the subsequent date on which such written consent is filed in the court in which the action was commenced.

by considering specific findings in a clear record of events and then tailoring the limitation as little as possible. Id. at 101. To successfully show the need for a limitation of communication, a plaintiff must demonstrate that a particular communication has already taken place, or there is a threat that it will occur, as well as evidence that the form of communication at issue is abusive because it threatens the proper functioning of the litigation. Bobryk v. Durand Glass Mfg. Co., No. 12-cv-5360 (NLH/JS), 2013 WL 5574504, at *4 (D.N.J. Oct. 9, 2013) (citing Slavinski v. Columbia Ass'n, Inc., Civ. No. CCB-08-890, 2011 WL 1310256 at *3 (D. Md. Mar. 30, 2011)).

In this case, Plaintiff does not make any presentation of a clear record showing the need for any limitation of communication between Defendants and the putative plaintiff class. In his Motion, he includes a perfunctory request that there be a prohibition against Defendants' contact with individuals disclosed as putative class members. (Doc. No. 10 at 16.) He makes no specific allegation showing abusive communication or misleading or coercive statements from Defendants. Moreover, no Court-Authorized Notice has issued, nor have any putative plaintiffs "opted-in." Given these omissions, Plaintiff is unable to provide any clear claim of any record of abusive or misleading communications or actions by Defendants that directly impacts the litigation. Without meeting this requirement, there is no need for the Court to narrowly tailor any limitation on the right to communication which Defendants are entitled to. The Court therefore will deny Plaintiff's request for limitation of communication between Defendants and putative plaintiffs.[2]

---

[2]   In Bobryk v. Durand Glass Mfg. Co., a case similar to this one, the court held that where communications are found not to be misleading or coercive and a conditional class certification has not yet been granted, defendants are entitled to communicate with their employees in order to gather information. No. 12-cv-5360 (NLH/JS), 2013 WL 5574504, at *9 (D.N.J. Oct. 9, 2013). In Bobryk, the plaintiff's motion for limitation of communication originated in response to the defendant producing twenty declarations from their employees. Id. at *1. The plaintiff claimed these declarations were "improperly obtained" due to the employees being members of the putative class. Id. at *2. The court found that plaintiff's allegations were insufficient to support that the communications were "improper" or "coercive" because there

### D. The Court Will Require Defendant to Supply Identifying Information on Putative Class Members and Order the Parties to Confer Regarding Details of the Court-Authorized Notice.

First, the Court will discuss Plaintiff's request for identifying information on putative class members. Facilitating notice to the class of putative plaintiffs is within the discretion of the District Court. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). Lawsuits requiring multiple plaintiffs to opt-in under the overtime section of FLSA benefit from early involvement in management of notice by the District Court at the conditional certification stage. Id. at 171. With adequate management, the District Court can make sure the notice is "timely, accurate, and informative." Id. at 172. Here, the parties disagree as to (1) Plaintiff's request for information regarding the putative plaintiffs, and (2) the content of the Notice.

As an initial matter, Plaintiff's request for information regarding the putative plaintiffs will be granted. Plaintiff asks that Defendants produce within fourteen days of the Court's Order a list that includes the following:

> Present in electronic format . . . (1) name, (2) current or last known mailing address, (3) current or last known email address, (4) current or last known telephone number, (5) dates of employment, (6) employee identification number, if any, and (7) the last four digits of their social security number.

(Doc. No. 10 at 14.)

Plaintiff also asks for job title and date of birth of putative plaintiffs. (Id. at 16.)

In response, Defendants request the Court to reasonably tailor the information requested by Plaintiff. (Doc. No. 14 at 17.) Defendant argues that Plaintiff does not make it clear why such sensitive information is necessary and requests the information be limited to name, job title, and

---

was no evidence the statements were not simply those of employees speaking of their own experiences. Id. at *8. Without any clear record of improper or coercive behavior, the motion for a limitation on communication was denied. Id.

last known address/telephone number.   (Id.)   But allowing the request of Plaintiff for the information requested by him is routinely permitted by other courts.   See Verma v. Castor, Inc., CIV.A. No. 13-3034, 2014 WL 2957453, at *13 (E.D. Pa. June 30, 2014), aff'd, 937 F.3d 221 (3d Cir. 2019) (granting request for information that included dates of birth and the last four digits of social security numbers because this information was essential to identifying and contacting potential plaintiffs); see also Dietrich v. Liberty Square L.L.C., 230 F.R.D. 574, 581 (N.D. Iowa Aug. 29, 2005) (granting request that the defendants provide social security numbers and birthdates, among other information, for the collective action members).   Consequently, the information Plaintiff requests is essential to identify and contact potential opt-in plaintiffs, and Defendants must produce the information he requests.

Plaintiff also claims that a follow-up email is appropriate where putative plaintiffs do not respond to the initial mailing.  (Doc. No. 10 at 13.)  Defendant responds that Plaintiff provides no reason why follow-up would be appropriate.  (Doc. No. 14 at 16.)  While Defendants contend that Plaintiff should be limited to contacting putative plaintiffs by first class mail, "electronic communication, such as email, is now commonplace and does not unduly burden defendants," Doe v. Banc, Jack & Joe, LLC, No. 17-cv-03843 (KSH) (CLW), 2020 WL 2832621, at *6 (D.N.J. June 1, 2020) (granting plaintiff's request that defendant produce email addresses of the putative class and granting plaintiff's request to send a reminder notice by mail and email to potential plaintiffs who have not responded within sixty days of the mailed notice).  As noted above, the Court has granted Plaintiff's request to obtain the putative class's current or last known email address, and the Court will also allow his request to send a follow-up notice email to putative plaintiffs who by the fourteenth day prior to close of Court-Authorized Notice period do not respond to his initial mailing.

13

Second, the parties shall meet and confer to finalize the language of the Notice and Consent form in accordance with this Opinion.  Plaintiff has submitted a proposed Notice of Lawsuit, Second and Final Notice of Lawsuit, and Consent to Join Collective Action.  (Doc. Nos. 10-2, 10-3, and 10-4.)  In their Response, Defendants do not contest the propriety of the documents.  (See Doc. No. 14.)  After the conference, the parties shall submit the revised documents to the Court for review before dissemination, after which the Court will order the dissemination of the Notice.

### E.  Service of the Notice.

Additionally, Plaintiff requests that the potential putative plaintiff class be notified by first class mail, by posting the Notice at each of Defendants' locations where mason/laborer putative plaintiffs are employed, and by follow-up notice via email.  Defendants do not dispute that, should the Court permit notification, sending the Notice by first class mail is appropriate.  (Doc. No. 14 at 16.)  Defendants also do not contest that posting the Notice at an employer's premises has been permitted by courts, although Defendants claim that Plaintiff lacks a "valid reason" for the Notice to be posted.  (Id. at 17.)  Indeed, courts in this district have permitted posting of the Notice.  See, e.g. Garcia v. Vertical Screen, Inc., 387 F. Supp. 3d 598, 608 (E.D. Pa. 2019).  (granting posting of the Notice and follow-up notice and recognizing that these measures of notice are routinely observed in the Third Circuit); see also Verma, 2014 WL 2957453, at *13 (granting plaintiff's request that the defendant post the notice of suit in a conspicuous place in its nightclub.)  The Court will grant Plaintiff's request for Service of the Notice via first class mail, posting of the Notice, and follow-up notice via email.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification (Doc. No. 10) will be granted.  His Motion for Court Facilitation of Court-Authorized Notice will be granted in part and denied in part.  An appropriate Order follows.

14